IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

S.C.M.,

                      Petitioner,

v.                                                OPINION and ORDER

KLINT TREVINO,                                  23-cv-558-jdp

                      Respondent.

---

S.C.M.,[1] appearing pro se, is incarcerated at Oshkosh Correctional Institution. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2007 Trempealeau County Circuit Court order adjudicating him delinquent in a juvenile proceeding.

The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. *See also* 28 U.S.C. § 2243 (habeas court must award writ or order respondent to show cause why writ should not be granted, unless application makes it clear that petitioner is not entitled to relief). I will deny the petition because this court cannot consider the validity of a sentence that has expired.

---

[1] Although S.C.M. is now an adult, he identifies himself by his initials because he seeks to challenge a decision in a juvenile-court case that is sealed from the public. I will refer to him by his initials in this opinion.

ANALYSIS

S.C.M. is currently incarcerated at Oshkosh Correctional Institution for convictions in Marathon County Circuit Court for child enticement and use of a computer to facilitate a child sex crime. *See* Marathon County Case No. 2013CF815. But S.C.M. is not challenging his current incarceration. Rather, he challenges a 2007 disposition adjudicating him delinquent of four counts of sexual assault of a child in a Trempealeau County Circuit Court juvenile case. Trempealeau County Case No. 2004JV7. More specifically he seeks review of recent rulings by the Wisconsin Court of Appeals denying him relief. *State v. S.C.M.*, No. 2021AP536, 2023 WL 3066799 (Wis. Ct. App. Apr. 25, 2023); *Int. of S.C.M.*, 2022 WI App 8, 2022 WL 212418. S.C.M. seeks an order vacating the juvenile-court disposition and directing the state to destroy its records from those proceedings.

This court cannot grant S.C.M. the relief he seeks. Congress has authorized federal courts to entertain petitions for a writ of habeas corpus only when the individual seeking the writ is "in custody." 28 U.S.C. §§ 2241(c) and 2254(a). S.C.M. concedes that he has fully served his juvenile-court sentence. The United States Supreme Court has held that a petitioner is not "in custody" for purposes of federal habeas corpus review once the challenged sentence has fully expired. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). S.C.M. states that his juvenile record was "used in his adult proceedings." Dkt. 1, at 9. But a prisoner cannot challenge a current sentence on the ground that it was enhanced based on a previous sentence that has expired. *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 396–97 (2001). The only explicit exception to this rule is when a defendant was not appointed counsel under *Gideon v. Wainwright*, 372 U.S. 335 (1963), in the original criminal case. *Id.* at 404. S.C.M. contends that he received ineffective counsel in his juvenile-court case, but ineffective-assistance-of-

2

counsel claims do not meet the *Gideon* exception. *Custis v. United States*, 511 U.S. 485, 496 (1994). Therefore I must dismiss his habeas petition.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because I find that no reasonable jurist would debate the outcome here, I will not issue S.C.M. a certificate of appealability. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1. Petitioner S.C.M.'s petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED.

2. Petitioner is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered October 17, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge