IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

S.C.M.,

                    Petitioner,                                    ORDER

        v.
                                                                23-cv-558-jdp
KLINT TREVINO,

                    Respondent.

---

S.C.M., appearing pro se, is incarcerated at Oshkosh Correctional Institution. I denied S.C.M.'s petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2007 Trempealeau County Circuit Court order adjudicating him delinquent in a juvenile proceeding, because his juvenile sentence is fully expired and a prisoner cannot challenge a current sentence on the ground that it was enhanced based on a previous sentence that has expired. Dkt. 3 (citing *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 396–97 (2001)).

S.C.M. has filed a motion for reconsideration of that decision, Dkt. 5, which I will construe as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59. He argues that he can challenge his current sentence because it was enhanced by his expired juvenile sentence, citing *Maleng v. Cook*, 490 U.S. 488 (1989).

S.C.M. is incorrect about the meaning of the *Maleng* opinion. The petitioner in *Maleng* also had a prior expired state sentence that was used to enhance another state sentence, but the Court explicitly "express[ed] no view" on whether the petitioner could challenge that expired sentence. *Id.* at 494. Rather, the *Maleng* decision was about whether the petitioner was "in custody" under his enhanced state sentence even though he hadn't started that sentence yet and was currently serving a federal sentence. *Id.* at 493–94. Later, in *Lackawanna,* the Court

ruled that a prisoner cannot challenge a current sentence on the ground that it was enhanced based on a previous sentence that has expired. 532 U.S. at 396–97. So I cannot consider S.C.M.'s challenge to his expired juvenile sentence.

ORDER

IT IS ORDERED that petitioner S.C.M.'s motion to alter or amend the judgment, Dkt. 5, is DENIED.

Entered November 20, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge